UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.O.,

    **Plaintiff,**

v.

Case No. 21-12247

Hon. Denise Page Hood

ROCHESTER COMMUNITY SCHOOL
DISTRICT, CARRIE LAWLER, NEIL
DELUCA and KATHRYN HOUGHTALING,

    **Defendants.**
_____/

## ORDER DENYING MOTION TO DISMISS

**I.    BACKGROUND**

This matter[1] is before the Court on Defendant Kathryn Houghtaling's Motion to Dismiss. A response was filed by Plaintiff and a hearing by video was held on the matter.

On September 24, 2021, J.O. filed a Complaint against Defendants Rochester Community School District ("RCSD"), Carrie Lawler ("Lawler"), Neil DeLuca ("DeLuca"), and Kathryn Houghtaling ("Houghtaling"). The Complaint alleges: violations of the Fourteenth Amendment under 42 U.S.C. § 1983 (Count I) and

---

[1] The instant case is consolidated for the purpose of discovery with Case No. 20-11994, M.S. v. Rochester Community School District, et al. (ECF No. 5) In the 20-11994 case, Defendant Houghtaling is in default for failure to file an Answer to the Complaint.

violations of the Equal Protection Clause under 42 U.S.C. § 1983 (Count II) against DeLuca, Lawler, and Houghtaling; a *Monell* Claim (Count III) against RCSD; violations of the Americans with Disabilities Act ("ADA") (Count IV) against all Defendants; violations of Title IX (Count V) against RCSD; violations of § 504 of the Rehabilitation Act of 1973 (Count VI) against all Defendants; and violations of Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") by creating and failing to prevent a sexually hostile educational environment (Count VII) against all Defendants; violations of ELCRA - Retaliation (Count VIII), against all Defendants; violation of ELCRA - Discrimination on the Basis of Sex (Count IX) against all Defendants; violations of Persons with Disabilities Civil Rights Act ("PWDCRA") - Harassment (Count X) against all Defendants; violations of PWDCRA - Retaliation (Count XI) against all Defendants; and, violations of PWDCRA - Discrimination (Count XII) against all Defendants.  (ECF No. 1)

The Complaint alleges that Plaintiff J.O., a former student at Ace High School, who suffers from multiple disabilities, including, but not limited to, ADD and ADHD, was repeatedly drugged and raped by Houghtaling, a teacher employed by RCSD. Houghtaling harassed J.O. for sex and texted his cellphone daily while in the classroom during school, and attempted to bribe J.O. for sex.  Houghtaling began raping and supplying J.O. with drugs and alcohol on a daily basis after she had raped

another student, M.S., at RCSD. (ECF No.1, PageID.2)

Other students at RCSD bullied and incessantly harassed J.O. during school for his disabilities. Text messages, Snap Chats and memes were distributed to J.O. and other students. (ECF No. 1, PageID.2-.3)

The administration at RCSD was on notice of the bullying and harassment J.O. experienced daily, but failed to act or to protect J.O. After being notified that J.O. was drugged, raped and harassed, RCSD failed to take responsibility or further action regarding the safety of J.O. Principal Deluca told the guardians of the other individual raped by Houghtaling, "I am not doing anything. I am looking to the future" during a meeting with Assistant Superintendent Lawler. J.O. claims he has suffered irreparable damages. (ECF No. 1, PageID.4)

**II. ANALYSIS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTv Inc. v. Treesh*, 487 F.3d 471,

476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As Houghtaling filed her papers *pro se*, the Court will interpret her papers liberally. *Hughes v. Rowe*, 499 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). *Pro*

*se* litigants "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). Courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines and grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Houghtaling moves to dismiss this action under Rule 12(b)(6) stating that she is currently incarcerated at the Women's Huron Valley Correctional Facility since March 6, 2020, serving a 51-month sentence. She has limited access to the law library due to COVID-19 restrictions. Houghtaling received the Summons in this action on November 9, 2021 and has spoken with Plaintiff's counsel notifying him that she was filing a response. Houghtaling asserts she is indigent and is unable to pay for counsel to defend her. She asks that this case be dismissed. (ECF No. 7, PageID.59-60)

J.O. responds that Houghtaling violated Rule 7(b)(1)(B) of the Rules of Civil Procedure in that she failed to state with particularity the basis for arguing that the Complaint fails to state a claim upon which relief may be granted. J.O. asserts that the motion fails to state why the Complaint should be dismissed or why specifically any of the counts should be dismissed.

Rule 7(b)(1)(B) provides that a motion must "state with particularity the

grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly. The issue is whether any party is prejudiced by a lack of particularity or "whether the court can comprehend the basis for the motion and deal with it fairly." 5 Wright & Miller, Federal Practice and Procedure § 1192, 42 (1990). "And while barren assertions such as 'contrary to law' and 'not sustained by the evidence' are insufficient to circumvent compliance, reasonable specification is all that the requirement for particularity imposes." *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807–08 (Fed. Cir. 1990)(citations omitted); *see Intera Corp. v. Henderson*, 428 F.3d 549, 611-12 (6th Cir. 2005).

Houghtaling cites various case law in her motion including, *"Ashcroft v. Iqbal*, 556 U.S. 662 (2009)," *"Doe v. Cleveland*, 220 U.S.," "*Feucht*, 425 F.Supp. 2d 914," "*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570," "*Lipian*, 453 F. Supp. 3d 937," *"Arocho* 469 F.Supp. 3d 795," and Rules 8(a)(e) and 12(b)(6). However, Houghtaling does not apply these cases and the rules to the facts and allegations set forth in J.O.'s Complaint. Liberally construing Houghtaling's Motion to Dismiss, she fails to state how the case law and rules she cited support dismissal of the Complaint. The reasons

she argues for dismissal is that she has limited access to the law library because of COVID-19 restrictions and that she is indigent. These reasons do not support dismissal of the Complaint because limited access to the library and indigence do not establish why the factual allegations in the Complaint do not state a claim that Houghtaling violated these counts as alleged by J.O.

Although Houghtaling did not address a specific count in her motion, and the Court is not required to make arguments on behalf of a party, the Court will address briefly the § 1983 claim in Count I for violation of the Fourteenth Amendment. In a § 1983 claim, a plaintiff must establish (1) that there was a deprivation of a right secured by the Constitution; and (2) that the deprivation was caused by an individual acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.* 330 F.3d 899, 902 (6th Cir. 2003). In J.O.'s Complaint, he alleges that he was deprived of his right under the Fourteenth Amendment to personal security and bodily integrity and that Houghtaling violated this right when she sexually assaulted and abused him. J.O. alleges that Houghtaling was a school teacher with RCSD when he was abused, which is sufficient to support J.O.'s allegation that Houghtaling was acting under the color of state law. Houghtaling has not carried her burden that the allegations fail to state a claim upon which relief may be granted as alleged by J.O. in Count I.

Based on the above, the Court finds that Houghtaling failed to support her

Motion to Dismiss and, as such, must be denied.

### III. CONCLUSION/ORDER

Fo the reasons set forth above,

IT IS ORDERED that Defendant Kathryn Houghtaling's Motion to Dismiss (ECF No. 7) is DENIED.

                                                    s/Denise Page Hood
                                                    Denise Page Hood
                                                    United States District Judge

Dated:  September 29, 2022

I